**FILED**

FEB 18 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG LY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GARY SWARTHOUT, et. al.,<br><br>　　　　Defendants. | No. C 13-04902 EJD (PR)<br><br>ORDER OF DISMISSAL<br><br><br><br>(Docket Nos. 1 & 10) |

Plaintiff, a state prisoner, filed a motion for an emergency injunction which the Court construed as an attempt to file a civil rights action in <u>pro se</u> pursuant to 42 U.S.C. § 1983. At the direction of the Court, Plaintiff filed a complaint on the court form. (Docket No. 8.) Plaintiff's motion for leave to proceed <u>in forma pauperis</u>, (Docket No. 9), will be granted in a separate order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Failure to state a claim is a grounds for dismissal before service under both 28 U.S.C. § 1915A and § 1915(e)(2), as well as under Federal Rule of Civil Procedure Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

**B.     Plaintiff's Claim**

At the time Plaintiff filed the motion initiating this matter, he was housed at the California State Prison in Solano. (Docket No. 1.) Plaintiff sought an emergency injunction to stop a transfer to Pleasant Valley State Prison ("PVSP"), claiming that it was one of the prisons where "there exists an epidemic disease." (Id. at 1.) Plaintiff has since been transferred to PVSP which renders this action moot. This claim is also deficient because Plaintiff does not allege what right secured by the Constitution or other federal law was violated.

Lastly, granting Plaintiff an opportunity to amend would be futile because prisoners have no constitutional right to incarceration in a particular institution. See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum, 427 U.S. at 224. A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal

prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)). A non-consensual transfer is not per se violative of either due process or equal protection rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519; see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002).

Because California has created regulations from which a protected interest in transfer within the state prison system could arise, in accord with Sandin[1] the next question must be (1) whether the statutes narrowly restrict the power of prison officials to deny inmates a transfer, and (2) whether the deprivation suffered due to denial of a transfer request is one of "real substance." In California, there are no substantive limitations on prison officials' discretion to grant or refuse the transfer of prisoners. See Cal Penal Code § 5080; Cal. Code Regs. tit. 15, § 3379; People v. Lara, 155 Cal. App. 3d 570, 575-76 (1984). A provision that merely provides procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. See

---

[1] Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See id. at 477-87.

Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993). Because the statutory language does not meet the first prong of the Sandin test, no protected liberty interest requiring constitutional protection is created. Accordingly, Plaintiff has no viable claim with respect to his non-consensual transfer to PVSP.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted.

The Clerk shall terminate Docket Nos. 1 and 10 as MOOT.

DATED: 2/18/14

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


HUNG LY,

        Plaintiff,

v.

GARY SWARTHOUT, et al.,

        Defendants.
        _____/

Case Number: CV13-04902 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __02/18/14__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Hung Ly F-21132
Pleasant Valley State Prison
P. O. Box 8500
Coalinga, CA 93210

Dated: __02/18/14__

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk